JUSTICE MUNDY, CONCURRING
I join the well-reasoned Majority Opinion. However, I write separately to distance myself from footnote 36, Because the Majority determines that the provisions of H.B. 1261, P.N. 1385 were entirely removed, it is unnecessary to the disposition of the case to engage in a germaneness analysis regarding the deleted subject matter and Act 80. In light of this, I would also refrain from examining the proposed *1157 unifying subject for Act 80 identified by the Commonwealth Court.
Except for this point, I agree with the Majority in all other respects.

The Commonwealth Court has likewise required a violation of Sections 1 or 3 prior to finding a Section 4 violation. See Christ the King Manor v. Commonwealth, Dept. of Public Welfare, 911 A.2d 624, 637 (Pa. Cmwlth. 2006) (holding "a violation of Article III, Section 4 is dependent upon a violation of Article III, Sections 1 or 3"), aff'd, 597 Pa. 217, 951 A.2d 255 (2008) ; Marcavage v. Rendell, 888 A.2d 940, 947 (Pa. Cmwlth. 2005) (same); Common Cause/Pennsylvania v. Commonwealth, 710 A.2d 108, 121 (Pa. Cmwlth. 1998) ("In light of our determination that the enactment of Act 3 did not violate either Article III, Section 1 or Article III, Section 3 of the Pennsylvania Constitution, we also conclude that the General Assembly did not violate Article III, Sections 2 and 4 of the Pennsylvania Constitution."), aff'd, 562 Pa. 632, 757 A.2d 367 (2000) ; Pennsylvania AFL-CIO by George v. Commonwealth, 683 A.2d 691, 694 n.4 (Pa. Cmwlth. 1996) (observing that a violation of Section 4 is "dependent on a finding of a violation of Article III, Section 1 or 3"); but see Pennsylvania Ass'n of Rental Dealers v. Commonwealth, 123 Pa.Cmwlth. 533, 554 A.2d 998, 1002 n.2 (1989) ("Because of our resolution of PARD's claims under Section 2 and 4 of Article III, we need not address PARD's argument that Article III, Section 1 was violated.").